**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

LJW/PL AGR
2008R01267

May 15, 2009

Michael V. Calabro, Esq.
Law Offices of Michael V. Calabro
466 Bloomfield Avenue, Suite 200
Newark, New Jersey 07107

      Re:  <u>Plea Agreement with Jasmine Ramos</u>

Dear Mr. Calabro:

This letter sets forth the plea agreement between your client, Jasmine Ramos, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Jasmine Ramos to Count One of the Indictment, Crim. No. 08-815 (SDW), which charges that from at least as early as in or about November 2007 through on or about October 28, 2008, Jasmine Ramos did knowingly and intentionally conspire and agree with others to import 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, into the United States from a place outside thereof, namely Ecuador, contrary to 21 U.S.C. § 952(a) and § 960(b)(1)(A), in violation of 21 U.S.C. § 963. If Jasmine Ramos enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jasmine Ramos for drug distribution and importation conspiracy from November 2007 through November 25, 2008. In addition, if Jasmine Ramos fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Count Two of the Indictment, Crim. No. 08-815 (SDW), against Jasmine Ramos. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of

limitations on the date this agreement is signed by Jasmine Ramos may be commenced against her, notwithstanding the expiration of the limitations period after Jasmine Ramos signs the agreement.

Sentencing

The violation of 21 U.S.C. § 963 to which Jasmine Ramos agrees to plead guilty carries a statutory mandatory minimum sentence of 10 years' imprisonment; a statutory maximum sentence of life imprisonment; and a statutory maximum fine equal to the greatest of: (1) $4 million or (2) twice the gross profits or other proceeds to Jasmine Ramos. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jasmine Ramos is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jasmine Ramos ultimately will receive.

Further, in addition to imposing any other penalty on Jasmine Ramos, the sentencing judge: (1) will order Jasmine Ramos to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Jasmine Ramos to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may deny Jasmine Ramos certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 960, must require Jasmine Ramos to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Jasmine Ramos be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jasmine Ramos may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to Jasmine Ramos and

her commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jasmine Ramos by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jasmine Ramos's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Jasmine Ramos agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jasmine Ramos from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

- 3 -

Waiver of Appeal and Post-Sentencing Rights

　　　　As set forth in Schedule A, this Office and Jasmine Ramos waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

　　　　This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

　　　　This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jasmine Ramos.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Jasmine Ramos.

No Other Promises

　　　　This agreement constitutes the plea agreement between Jasmine Ramos and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　RALPH J. MARRA, JR.
　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　By: L. JUDSON WELLE
　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

APPROVED:

_____
Andrew Carey
Acting Chief, OCDETF Unit


I have received this letter from my attorney, Michael V. Calabro, Esq., I have read it and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____          Date: 5/20/09
Jasmine Ramos

_____          Date: 5/20/09
Michael V. Calabro, Esq.

- 5 -

## Plea Agreement With Jasmine Ramos

### Schedule A

1. This Office and Jasmine Ramos recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jasmine Ramos nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Jasmine Ramos within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Jasmine Ramos further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. The offense involved at least 10 KG but less than 30 KG of heroin. This results in a Base Offense Level of 36. See U.S.S.G. § 2D1.1(c)(2).

4. Within the meaning of § 5C1.2(a)(2), Jasmine Ramos did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

5. Within the meaning of § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

6. Within the meaning of § 5C1.2(a)(4), Jasmine Ramos was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

7. As of the date of this letter, within the meaning of § 5C1.2(a)(5), Jasmine Ramos has truthfully provided to the Government all information and evidence that Jasmine Ramos has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

8. Whether Jasmine Ramos meets the criterion set forth in subdivision (a)(1) of § 5C1.2 has not yet been determined.

9. As of the date of this letter, Jasmine Ramos has clearly demonstrated a recognition and affirmative acceptance of

personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jasmine Ramos's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Jasmine Ramos has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Jasmine Ramos enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Jasmine Ramos's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Jasmine Ramos will be entitled to a further 1-point reduction in her offense level pursuant to U.S.S.G. § 3E1.1(b).

11. In accordance with the above, the parties agree that: (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that Jasmine Ramos meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), Jasmine Ramos will be entitled to a 2-point reduction in her offense level pursuant to U.S.S.G. § 2D1.1(b)(11), with the result that the total Guidelines offense level applicable to Jasmine Ramos will be 31; and (b) otherwise, the total Guidelines offense level applicable to Jasmine Ramos will be 33 (collectively, the "agreed total Guidelines offense level").

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

13. Jasmine Ramos knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 31. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 33. The parties reserve any right they may have under

18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

       14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.